CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 JUL -6 PM 1: 54

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BUCK EDWARD MARSHALL JR., )<br>Petitioner, )<br> )<br>v. )<br> )<br>RICK THALER, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>Respondent. ) | Civil No. 7:10-CV-89-O-BL<br><br>Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Buck Edward Marshall Jr., a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be dismissed without prejudice as successive.

### I.

In 2003, Marshall was convicted of two counts of sexual assault of a child and sentenced to 37 years confinement in the Texas prison system. *State v. Marshall*, No. 219-81143-02 (219th Jud. Dist. Court, Collin County). His conviction was thereafter affirmed on direct appeal. *Marshall v. State*, No. 11-03-00140-CR, 2004 WL 2126658 (Tex. App. – Eastland 2004). Marshall unsuccessfully challenged his conviction in state and federal habeas corpus proceedings. *See Marshall v. Director TDCJ*, 6:08–CV–483 (E.D.Tex. Feb. 9, 2009) (denying habeas relief).

### II.

In his petition, Marshall contests his conviction and imprisonment on four grounds. He claims that: (1) he is falsely imprisoned; (2) the Texas Department of Criminal Justice ("TDCJ") did

not properly identify his date of birth before charging him; (3) he was not properly charged with a crime; and (4) he is serving an illegal sentence.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a prisoner may file a second or successive application for post-conviction relief. *See* 28 U.S.C. § 2244(b). A petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

B.

Petitioner argues that his claims are not related to his conviction of two counts of sexual assault of a child. Rather, he argues that his instant habeas claims relate to a second conviction and sentence that TDCJ officials secretly imposed during his incarceration. Petitioner claims that he only became aware of the second conviction after TDCJ officials provided him a copy of his time slip. The time slip listed his "sentence begin date" as 3 June 2002 and not 18 March 2003 — the actual

date he was sentenced for the two counts of sexual assault of a child. Because the listed "sentence begin date" is not the same as his conviction date, Petitioner concluded that he was secretly convicted and sentenced for a different offense. If Petitioner is indeed challenging a separate later conviction, under *Cain*, his petition is arguably non–successive. *See In re Cain*, 137 F.3d 234, 235-36 (5th Cir. 1998).

Petitioner is mistaken in his belief that his "sentence begin date" relates to a secret conviction and sentence. Along with his petition, he also filed a supporting memorandum with various attachments. The original judgment from Petitioner's sexual assault conviction is among the attached documents. According to the convicting court's judgment, Petitioner received credit for 288 days of time served at the time of his conviction. Thus, in calculating Petitioner's "sentence begin date," the jail credited the 288 days immediately preceding his 18 March 2003 conviction. The time period between 3 June 2002 and 18 March 2003 is exactly 288 days. Consequently, contrary to Petitioner's claim, he has not been sentenced twice. For this reason, Petitioner's habeas claims can only be construed as an attack on his original conviction.

Petitioner claims that his petition is not successive because the factual predicate of his claims did not occur until after his first habeas petition was dismissed. Petition p. 8 ("the grounds happen[ed] in February 2010 and could not have been reasonably ascertainable when the first petition was filed"). Such claims are considered successive. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Section 2244(b)(2)(B)(i) states that claims based on a factual predicate not previously discoverable are successive.").

The Fifth Circuit has not issued an order authorizing this court to consider the successive petition in this case. Petitioner must obtain such an order before he can file another petition for

habeas relief under § 2254 challenging his underlying criminal conviction. Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

## **RECOMMENDATION**

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive habeas petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: 5 July 2012.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**